UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIN CHANG-KENG,<br><br>            Petitioner,<br><br>   vs.<br><br>MICHAEL MUKASEY, et al,<br><br>            Respondents. | Case No. SACV 08-485-TJH (JWJ)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND** |

## I. BACKGROUND

On May 2, 2008, petitioner Lin Chang-Keng, a federal prisoner proceeding pro se, filed in this Court a document that appears to be a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) (hereinafter "Petition"). This Court has screened the Petition pursuant to 28 U.S.C. § 2243, the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California. For the reasons discussed below, the Petition must be dismissed with leave to amend.

## II. DISCUSSION

The Petition is not on form CV-27 as required by the Court. Rule

83-16.1 of the Local Rules of the Central District of California states that a petition for writ of habeas corpus "shall be submitted on the forms approved and supplied by the Court." Form petitions are a procedural device which significantly aid the Court in processing the numerous habeas petitions presented to the Court. The form petition is designed to aid petitioner in the organization and presentation of information relevant to the habeas application. The form petition also presents the relevant information regarding petitioner's claim(s) in a "simple, concise, and direct" manner, as required by Federal Rule of Civil Procedure 8. Where a habeas petition has not been submitted on the court-approved form, and does not present the requested material in a plain and concise manner, it is subject to dismissal pursuant to Local Rule 83-16.1 and Federal Rule of Civil Procedure 8.

Since petitioner has not used the Court's required form for the instant Petition and has not presented the necessary information in a plain and concise manner, the Petition is deficient and must be dismissed with leave to amend. Petitioner must file an amended petition before this Court will order respondent to answer. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970). The Court Clerk is hereby directed to transmit two blank copies of the Court's CV-27 form to the petitioner, accompanied by a copy of this Order. Petitioner must use the appropriate court-approved form if he elects to file a First Amended Petition, as explained more fully below.

### ORDER

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

The instant Petition is **dismissed with leave to amend** in light of the Petition's deficiencies, as discussed above.

Petitioner shall have **twenty-one (21) days** from the date of this Order to file a First Amended Petition. The First Amended Petition must comply

1   with the Federal Rules of Civil Procedure and the Local Rules for the Central
2   District of California.
3       The First Amended Petition must be labeled with the case number
4   assigned to this case and must be labeled "First Amended Petition."  In
5   addition, petitioner is informed that the Court cannot refer to a prior pleading
6   in order to make petitioner's First Amended Petition complete.  Local Rule
7   15-2 requires that an amended pleading be complete in and of itself without
8   reference to any prior pleading.  This is because, as a general rule, an amended
9   pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57
10  (9th Cir. 1967).
11      Petitioner must use and complete form CV-27 or CV-67 -- depending on
12  the nature of petitioner's action -- for the First Amended Petition.  The First
13  Amended Petition must comply with any and all instructions in the form
14  Petition.  As instructed in the form Petition, petitioner must state concisely
15  every ground on which petitioner claims that he is being held unlawfully, and
16  he should summarize briefly the facts supporting each ground.  If necessary,
17  petitioner may attach a single additional page.
18      Failure to file a First Amended Petition in accordance with this Order
19  will result in a recommendation that this action be dismissed without prejudice
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

- 3 -

1  for failure to prosecute and failure to comply with this Court's order. <u>See</u>
2  Fed. R. Civ. P. 41(b); Local Rules – Central District of California, Rule 41-1;
3  <u>see also</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8
4  L. Ed. 2d 734 (1962).[1]

6  DATED: September 11, 2008

/s/
JEFFREY W. JOHNSON
United States Magistrate Judge

---

[1] This dismissal does not relieve petitioner from the duty of complying with the statute of limitations set forth at 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, with respect to any future petitions for writ of habeas corpus filed in this Court.

- 4 -